IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STATE FARM FIRE & CASUALTY COMPANY )
)
      Plaintiff, )
)
v. )
)
SOMPORN KIATSURANON, )   Case No. _____
)
   Serve:  Somporn Kiatsuranon )
           820 South Meadow Street )
           Richmond, VA   23220 )

      Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW State Farm Fire & Casualty Company ("State Farm"), by counsel, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et. seq., and for its Complaint for Declaratory Judgment states as follows:

**NATURE OF THE CASE**

1. This is an action for declaratory judgment in which State Farm seeks a determination of its rights and obligations to Somporn Kiatsuranon (sometimes referred to hereinafter as "Somporn") under a "Rental Dwelling" insurance policy, (hereinafter referred to as the "Policy"), policy number 96-CP-E202-1, issued to Whitney Kiatsuranon(sometimes referred to hereinafter as "Whitney").

2. An actual and justiciable controversy has arisen and now exists relating to the parties' respective rights, duties and obligations under the Policy.

3. Specifically, State Farm seeks a declaratory judgment that there is neither a duty to defend nor a duty to indemnify defendant Somporn Kiatsuranon arising out of a lawsuit filed

against him by Billy Dean Croson (hereinafter referred to as "Croson") in the Circuit Court for the City of Richmond, Virginia on or about October 27, 2020 (*Croson v. Kiatsuranon*; Case No. CL20-5374, hereinafter referred to as the "Underlying Lawsuit").

4. A true and correct copy of which is attached hereto as **Exhibit 1**.

5. A true and correct copy of the Complaint in the Underlying Lawsuit is attached hereto as **Exhibit 2** (hereinafter referred to as the "Complaint").

## PARTIES

6. State Farm is an Illinois corporation with its principal place of business located in Bloomington, Illinois. State Farm is licensed to do business as an insurance company in the Commonwealth of Virginia.

7. Somporn Kiatsuranon is a Virginia resident and a defendant in the Underlying Lawsuit. He is the estranged husband of Whitney Kiatsuranon.

8. The Complaint in the Underlying Lawsuit seeks damages against Somporn in the amount of $1,250,000. **Ex. 2,** p. 8.

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 as complete diversity exists between the plaintiff and defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

### The Incident At Issue In The Underlying Lawsuit

11. The Underlying Lawsuit stems from an alleged incident in which Croson was assaulted, battered and injured by Somporn in the early morning hours of January 1, 2019 at a house owned by Whitney Kiatsuranon and located at 2606 Perry Street, Richmond, Virginia.

12. In his Complaint, Croson alleges he was "visiting his neighbor and friend, Whitney," **Ex. 2** ¶11, at "about 12:30 am." *id.* ¶ 12, when Somporn arrived and, in a "violent[] and malicious[] attack," *id.* ¶13, "struck [Croson] from behind in the head with a rock, punched him and broke his jaw in two places, and stomped on [him] while he laid there unconscious …". *Id.* ¶39, *see also* ¶¶ 3, 14. 30.

13. Croson further alleges that "during the course of the altercation [Somporn] struck [Croson] numerous times, neglected to render aid once [Croson] suffered from the injuries caused by his own actions and omissions, and intentionally inflicted emotional distress upon [Croson]." **Ex. 2**, ¶3.

14. It is alleged that as a result of Somporn's conduct Croson "suffered serious, permanent and debilitating injuries and severe emotional distress." **Ex. 2**, ¶ 5.

15. In the Underlying Lawsuit, Croson seeks damages in the amount of $1,250,000. **Ex. 2**, p. 8.

### Admissions Made At Somporn's Criminal Trial

16. As a result of the incident described above, Somporn was charged with a violation of Va. Code. § 18.2-51, which makes it a felony to "maliciously" or "unlawfully" "shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill."

17. At the trial on the criminal charge referenced in the previous paragraph, Somporn gave sworn testimony (a true and accurate copy of the trial transcript, including Somporn's testimony, is attached hereto as **Exhibit 3**) and made the following admissions under oath: (a) he intentionally hit Croson in the face as he exited Whitney's residence, (b) he did so because Croson hit him first and Somporn was "scared," (c) he and Croson then fell to the ground, (d) while on the ground Somporn intentionally hit Croson in the face "about five" times with his fists, (e) Somporn was able to sand up, but Croson remained on the ground, and Somporn kicked Croson once and "stomp[ed]" on Croson a "[c]ouple of times" with his feet, (f) Somporn ceased punching, kicking and stomping Croson "when he scream[ed] for me to stop," and (g) Croson then "walk[ed] away" and left the scene.  **Ex. 3**, pp. 95-98.

### Notice To State Farm

18. The incident for which Somporn was sued in the Underlying Lawsuit occurred on January 1, 2019.

19. The Underlying Lawsuit was initiated by the filing of the Complaint on October 27, 2020.

20. Notice of the January 1, 2019 incident not given to State Farm until November 3, 2020, when Somporn provided notice of the Underlying Lawsuit.

### The Policy

21. State Farm issued its Rental Dwelling Policy number 96-CP-E202-1, effective from November 15, 2018 to November 15, 2019, designating Whitney Kiatsuranon as the "Named Insured."

22. The policy was issued in Virginia.

23. The Policy has a Business Liability limit of $300,000.

24. The "insured premises" is listed as 2606 Perry Street, Richmond, Virginia.

25. The Policy provides the following liability coverage:

**SECTION II – LIABILITY COVERAGES**

**COVERAGE L – BUSINESS LIABILITY**

If a claim is made or a suit is brought against an **insured**[1] for damages because of **bodily injury, personal injury** or **property damage** to which this coverage applies, caused by an **occurrence**, and which arises from the ownership, maintenance, or use of the **insured premises**, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

26. The Policy's definition of "insured" includes the following language: "if the **named insured** is designated in the **Declarations** as an individual and is a sole proprietor, the named insured and spouse."

27. Whitney is designated in the Declarations as the "named insured." She is and was at all relevant times an individual and a sole proprietor.

28. The Policy states: "'**bodily injury**' means bodily harm, sickness or disease …".

29. The Policy defines "**personal injury**" as "injury arising out of one or more of the following offenses:  a.  false arrest, detention or imprisonment or malicious prosecution; b. libel, slander or defamation of character; or c. invasion of privacy, wrongful eviction or wrongful entry."

30. The Policy defines "**property damage**" as "physical damage to or destruction of tangible property, including loss of use of this property."

---

[1] Terms in bold print are specifically defined in the Policy.

31. The definition of "occurrence" in the Policy includes the following language: "an accident … which results in … **bodily injury** … during the policy period ....".

32. The Policy provides the following liability coverage exclusions:

### SECTION II – EXCLUSIONS

1. **Coverage L – Business Liability** … do[es] not apply to:

    a. **bodily injury** …

    (1) which is either expected or intended by the **insured**; or

    (2) to any person … which is the result of willful and malicious acts of an **insured**.

33. The Policy contains the following provision requiring the giving of notice:

### SECTION II – CONDITIONS

3. **Duties After Loss.** In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:

    a. give written notice to us or our agent as soon as practicable, which sets forth:

    (1) the identity of this policy and **insured**;

    (2) reasonably available information on the time, place and circumstances of the accident or occurrence; and

    (3) names and addresses of any claimants and available witnesses;

34. There is an actual controversy between State Farm and the defendant as to whether the Policy provides Somporn Kiatsuranon coverage for the Underlying Lawsuit. State Farm has identified several reasons why the Policy does not provide coverage. In the event coverage is found to exist, State Farm would be under a duty to defend Somporn Kiatsuranon in the ongoing litigation of the Underlying Lawsuit. A controversy therefore exists that is ripe for adjudication.

## COUNT ONE

### The Underlying Lawsuit Does Not Allege An "Occurrence"

35. State Farm hereby re-alleges the allegations contained in the above paragraphs.

36. The Complaint in the Underlying Lawsuit alleges that Croson sustained a "bodily injury," as that term is defined in the Policy, as the result of being intentionally hit, punched, kicked, stomped and hit on the head with a rock from behind by Somporn.

37. The Underlying Lawsuit does not allege Croson sustained any "personal injury" or "property damage," as those terms are defined in the policy.

38. The Policy only provides coverage for "occurrences" as defined by the Policy.

39. The Policy defines "occurrence" in terms of an "accident."

40. Somporn's alleged conduct was not an "accident."

41. Croson's alleged injuries are the natural, probable and expected consequence of Somporn's alleged conduct and are not the result of an "accident."

42. State Farm is entitled to a declaration that the Policy affords Somporn no coverage and that State Farm has no duty to defend or indemnify Somporn in the Underlying Lawsuit.

## COUNT TWO

### Exclusion 1a Of The Policy Negates Coverage For The Conduct And Injuries Alleged In The Underlying Lawsuit

43. State Farm hereby re-alleges the allegations contained in the above paragraphs.

44. Exclusion 1a of the Policy specifically excludes coverage for any "**bodily injury** … (1) which is either expected or expected or intended by the **insured**; or … (2) to any person … which is the result of willful and malicious acts of an **insured**."

45. The injuries alleged in the Underlying Lawsuit were the expected and intended consequence of Somporn's alleged conduct and therefore fall within exclusion 1a(1).

46. The injuries alleged in the Underlying Lawsuit were the result of willful and malicious acts on the part of Somporn and therefore fall within exclusion 1a(2).

47. Coverage for the injuries alleged in the Underlying Lawsuit is negated by Exclusion 1a.

48. State Farm is entitled to a declaration that the Policy affords Somporn no coverage and that State Farm has no duty to defend or indemnify Somporn in the Underlying Lawsuit.

### COUNT THREE

### Somporn Admitted That The Injuries And Conduct Alleged In The Underlying Lawsuit Were Not The Result Of An "Occurrence"

49. State Farm hereby re-alleges the allegations in the above paragraphs.

50. Somporn has admitted under oath that at the time and place alleged in the Underlying Complaint he intentionally and willfully punched Croson in the face with his fists at least five times and, while Croson was on the ground and Somporn was standing, he kicked Croson at least once, and stomped on him at least twice.

51. The injuries Croson allegedly sustained as the result of Somporn's admitted conduct were the natural, probable and expected consequences of that conduct.

52. Somporn's admitted conduct does not constitute an "occurrence" as that term is defined in the Policy and therefore there is no coverage for that conduct.

53. The injuries Croson allegedly sustained as the result of Somporn's admitted conduct were not the result of an "occurrence" as that term is defined in the Policy, and therefore there is no coverage available for those injuries.

54. State Farm is entitled to a declaration that the Policy affords Somporn no coverage and that State Farm has no duty to defend or indemnify Somporn in the Underlying Lawsuit.

## COUNT FOUR

**Somporn Admitted That The Injuries Alleged In The Underlying Lawsuit Were The Natural, Probable And Expected Consequences Of His Voluntary And Intentional And/Or Malicious And Willful Actions And Therefore Coverage Is Negated By Exclusion 1a.**

55. State Farm hereby re-alleges the allegations in the above paragraphs.

56. Somporn's admitted conduct inflicted injuries upon Croson that were expected or intended by Somporn, and therefore coverage is negated by Exclusion 1(a)(1) of the Policy.

57. Somporn's admitted conduct was willful and malicious, and coverage for the resulting injuries sustained by Croson is negated by Exclusion 1(a)(2) of the Policy.

58. State Farm is entitled to a declaration that the Policy affords Somporn no coverage and that State Farm has no duty to defend or indemnify Somporn in the Underlying Lawsuit.

## COUNT FIVE

**The Alleged Injuries Sustained By Croson Did Not Arise Out Of The Ownership, Maintenance Or Use Of The Insured Premises**

59. State Farm hereby re-alleges the allegations in the above paragraphs.

60. The Policy only provides liability coverage for "bodily injury" only if "which arises from the ownership, maintenance or use of the **insured premises** …".

61. Somporn's alleged and admitted conduct and Croson's resulting injuries have nothing to do with the "ownership, maintenance or use" of the property located at 2606 Perry Street, Richmond, Virginia. Therefore, no coverage is available under the Policy for the matters asserted in the Underlying Lawsuit.

62. State Farm is entitled to a declaration that the Policy affords Somporn no coverage and that State Farm has no duty to defend or indemnify Somporn in the Underlying Lawsuit.

## COUNT SIX

### Somporn Failed To Comply With His Obligation To Provide Timely Notice Under The Policy

63.     Somporn's alleged beating of Croson for which he is sued in the Underlying Lawsuit occurred on January 1, 2019.

64.     Somporn had actual knowledge of the altercation with Croson on January 1, 2019.

65.     Neither Somporn, nor anyone else, gave any notice of or information pertaining to the alleged events of January 1, 2019 to State Farm until November 3, 2020, after the Underlying Lawsuit had been filed.

66.     This 22 month delay in giving notice is a substantial and material violation of Somporn's duty under the Policy to give written notice to State Farm of any accident or occurrence "as soon as practicable" and include information regarding "the identity of [the Policy] and insured; reasonably available information on the time, place and circumstances of the accident or occurrence; and names and addresses of any claimants and available witnesses."

67.     Providing such notice and information is a condition precedent to coverage under the Policy.

68.     By substantially and materially breaching the obligation to provide notice and information as described above, Somporn has forfeited any right to coverage under the Policy for the matters alleged in the Underlying Lawsuit.

69.     State Farm is entitled to a declaration that the Policy affords Somporn no coverage and that State Farm has no duty to defend or indemnify Somporn in the Underlying Lawsuit.

### Request for Relief

WHEREFORE, State Farm respectfully prays that this Court enter an Order declaring that State Farm owes Somporn Kiatsuranon no duties or obligations under the Policy with respect to

the Underlying Lawsuit, including any duty to defend or indemnify Somporn Kiatsuranon for the claims alleged in the Complaint of the Underlying Lawsuit, and award such other and further relief as the Court deems appropriate.

                        Respectfully Submitted,

                        STATE FARM FIRE & CASUALTY COMPANY

                        By:    */s/ Guy M. Harbert, III*
                                    Counsel

Guy M. Harbert, III (VSB No. 22933)
GENTRY LOCKE
10 Franklin Road, s.e., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9300; Fax: (540) 983-9400
Email: harbert@gentrylocke.com
*Counsel for Plaintiff*